**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**PATSY A. HULL-KITCHEN,**

                    **Plaintiff,**          **Case No. 3:11-cv-423**

**vs.**                                     **Judge Thomas M. Rose**

**CAROLYN W. COLVIN[1],**          **Magistrate Judge Sharon L. Ovington**
**Acting Commissioner of Social Security,**

                    **Defendant**.

_____

**ENTRY AND ORDER OVERRULING HULL-KITCHEN'S OBJECTIONS
(Doc. #24) TO THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (Doc. #23) IN ITS ENTIRETY;
AFFIRMING THE COMMISSIONER'S FINAL NON-DISABILITY
DETERMINATION AND TERMINATING THIS CASE**

_____

Patsy A. Hull-Kitchen ("Hull-Kitchen") brought this action pursuant to 42 U.S.C. §

405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the

"Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability

benefits. On February 1, 2013, United States Magistrate Judge Sharon L. Ovington entered a

Report and Recommendations (doc. #23) recommending that the Commissioner's Decision be

affirmed. Hull-Kitchen subsequently filed Objections (doc. #24) and the Commissioner has

responded to Hull-Kitchen's Objections (doc. #25). This matter is, therefore, ripe for decision.

Hull-Kitchen sought financial assistance from the Social Security Administration by

_____

[1]Carolyn Colvin became Acting Commissioner of Social Security on February 14, 2013
and is automatically substituted as the Defendant in this suit.

applying for disability insurance benefits ("DIB") in October of 2006. Hull-Kitchen claims that she has been disabled since January 9, 2005, due to mental health problems, irritable bowel syndrome and hypertension.

The Commissioner denied Hull-Kitchen's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia Lombardo ("Lombardo") held a hearing following which she determined that Hull-Kitchen is not disabled. The Appeals Council denied Hull-Kitchen's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Hull-Kitchen then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #23) and in Hull-Kitchen's Objections (doc. #24) and the Commissioner's Response to Hull-Kitchen's Objections (doc. #25), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Hull-Kitchen is not disabled in accordance with Social Security regulations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

2

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, Hull-Kitchen's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #23) in its entirety. The Commissioner's decision that Hull-Kitchen is not disabled in accordance with Social Security regulations is affirmed. Finally, the captioned cause is hereby ordered terminated upon the

3

docket records of the United States District Court for the Southern District of Ohio, Western

Division, at Dayton.

      **DONE** and **ORDERED** in Dayton, Ohio, this Fourth Day of March, 2013.

.                            **s/Thomas M. Rose**

                               _____

                               JUDGE THOMAS M. ROSE
                               UNITED STATES DISTRICT COURT

Copies furnished to:
      Counsel of Record